## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PAUL R. SENSING | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MIDLAND CREDIT MANAGEMENT INC. | ) | |
| AKA MIDLAND FUNDING LLC | ) | |
| KAY OSTMOE, AND | ) | |
| STEVE F. GLASER, ESQUIRE, | ) | |
| Defendants, | ) | |

**JURY TRIAL DEMANDED**

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. §1692k(d)**.

2. This action arises out of violations of the **Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq**. ("FDCPA") by all Defendants, in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff, PAUL R. SENSING (hereinafter referred to as "Plaintiff") is a natural person who resides in Dickson County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)**.

5. Defendant Midland Credit Management, Inc. AKA Midland Funding, LLC, (hereinafter "Defendant Midland") is a "debt collector" as that term is defined by **15 U.S.C. § 1692a (6)**, and a for-profit Limited Liability Company organized in Delaware, and may be served through its

- 1 -

agent for service of process at Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312 as its registered agent for service of process.

6. Defendant Kay Ostmoe (hereinafter "Defendant Ostmoe") is a natural person who was employed by Defendant Midland as a collection agent and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a (6)**, and may be served at her business address of 16 Mcleland Rd. Suite 101 St. Cloud, MN 56303.

7. Defendant Steven F. Glaser, Esquire (hereinafter "Defendant Glaser") is a lawyer and employed through the firm Fulton, Friedman, & Gullace LLP and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a (6)**, and a for-profit Limited Liability Partnership established in New York, and can be served through its registered agent as follows: Steve F. Glaser, Esq., Fulton Friedman & Gullace, LLP Satellite Office, 125 South Water Avenue, Gallatin, TN 37066.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)**, namely, a credit card debt originally owed to, or serviced by, Citibank (hereinafter "Citibank").

9. Sometime prior to October 14, 2011, Plaintiff Sensing's debt was consigned, sold, or otherwise transferred to Defendants for collection from Plaintiff Sensing.

### *February 21, 2012 Collection Lawsuit*

10. Prior to the filing of this Complaint, on or about November 23, 2011, Defendants filed a Civil Warrant and Affidavit against Plaintiff Sensing in General Sessions Court of Dickson County (collectively the "collection lawsuit"). ***See Exhibit 1 and Exhibit 4***.

- 2 -

11.   Defendant Glaser filed said Civil Warrant and Affidavit against Plaintiff in the General Sessions Court of Dickson County, Tennessee.

12.   The matter was dismissed without prejudice for failure to prosecute subsequently on February 21, 2012.

13.   Subsequently, on October 30, 2012, Defendant Glaser filed an Alias Summons in lieu of the "New Civil Warrant" against Plaintiff Sensing in the General Sessions Court of Dickson County, Tennessee. *See Exhibit 2*.

14.   The Alias Summons filed by Defendant Glaser was filed with the court in error as evidenced by the notification sent by the General Session Clerk of Court (*See Exhibit 3*) as evidenced here and below. The matter came on for hearing on December 18, 2012, whereupon the matter was set for hearing March 26, 2013.

15.   Upon the hearing date of March 26, 2013, Defendant Glaser again requested a continuance, and the parties agreed orally to reset the matter for a hearing on May 28, 2013.

16.   Subsequent to the hearing date on March 26, 2013, Barbara Spann, Clerk of the General Sessions Court of Dickson County, Tennessee discovered Defendant Glaser's error and Plaintiff Sensing's counsel received notification that Defendant Midland's case had been improperly before the Court due to Defendant Glaser's failure to pay the required filing fee for the new case. *See Exhibit 3*.

17. The Civil Warrant and Alias Summons were filed and served on Plaintiff Sensing in connection with collection of a debt and in an attempt to collect a debt, and are "communications" as defined by **15 U.S.C. § 1692a (2)**.

16. The sworn Affidavit was filed and served in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by **15 U.S.C. § 1692a (2)**.

17. Specifically, at the time the Defendant Midland purchased Plaintiff Sensing's alleged

- 3 -

account, they did not receive any documents which (a) could be used as evidence to show, in a court of law, that Plaintiff Sensing had entered into a Contract with any entity creating the debt or opening an Account, (b) show how the amount claimed as due was calculated or what Plaintiff Sensing received in return for incurring the debt, (c) show how the pre-judgment interest on the debt was to be calculated, and (d) show when the debt went into default and what acts by Plaintiff Sensing caused the alleged default, and they did not possess any such documents as of the date they filed the collection lawsuit.

18. Despite the fact that they had no evidence showing that Plaintiff Sensing owed the amount of debt they were alleging he owed, and prior to making a reasonable and adequate investigation as to whether Plaintiff Sensing owed the amount of debt they were alleging he owed, Defendant Midland and Defendant Glaser filed suit against Plaintiff Sensing in General Sessions Court seeking to collect One Thousand Seventy Five Dollars and Fifty Six Cents ($1,075.56), plus court cost and service of process fees.

19. Defendant Midland and Defendant Glaser alleged in their collection lawsuit that Defendant Midland is the assignee of Citibank, but have provided no evidence before or since the filing of the lawsuit that would support the truthfulness of this allegation.

20. Defendant Midland and Defendant Glaser made an intentional business decision not to obtain knowledge as to whether a written Contract existed between Citibank and Plaintiff Sensing or if there was other documentation showing when or how the debt was incurred, (b) prior to making a reasonable and adequate investigation as to whether Plaintiff Sensing owed the amount of debt they were attempting to collect, and (c) by attaching Defendant Affiant Ostmoe's Affidavit whose knowledge of the specifics of the original debt is limited or non-existent, intending to either obtain a default Judgment or coerce Plaintiff Sensing into a Settlement.

- 4 -

21. When Defendant Midland purchased Plaintiff Sensing's alleged debt, they did not receive any supporting documentation of the debt, including, but not limited to, (a) the alleged underlying Contract between Citibank and Plaintiff Sensing, (b) anything bearing Plaintiff Sensing's signature, (c) any documentation regarding what Plaintiff Sensing purchased or when he made a purchase, (d) monthly billing statements, (e) a payment history, (f) documents showing how the amount of the alleged debt was calculated, or (g) any information which informs or shows them which portion of the alleged debt is principal and which portion is interest.

22. The filing of a collection lawsuit is a collection activity.

23. The filing of the collection lawsuit against Plaintiff Sensing by the Defendant Midland in the Tennessee State Courts is no less than "active" debt collection activity; than telephone calls, letters, or any other form of communication.

24. **Webster's** defines active as "characterized by action rather than by contemplation or speculation" and passive as "not acting but acted upon". See *Webster's Third New International Dictionary, Unabridged*. **Merriam-Webster, 2002**.

25. The comparison between active and passive is easily understood. If you do something you are being active. If you have something done to you, you are being passive.

26. The Defendant Midland was not contemplating or speculating or being passive about filing the collection lawsuit against Plaintiff Sensing, in their name, they are doing it.

27. The Defendant Midland and Defendant Glaser failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA, during the collection of Plaintiff Sensing's alleged debt.

### *Use of False, Deceptive and Misleading Warrant to Collect Debt*

28. The collection lawsuit against Plaintiff Sensing was based on a sworn Account.

- 5 -

29. Defendants' sworn Account claim was defective because this claim was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Warrant and Alias Summons that were intended to deceive the State Court and Plaintiff Sensing.

30. Without a written Contract signed by Plaintiff Sensing, the Defendants may not recover attorney's fees or a Contract rate of interest on the underlying debt. ***Holcomb v. Cagle***, **277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008)** (**perm. app. den. Sup. Ct., December 15, 2008**).

31. The amount of collect One Thousand Seventy Five Dollars and Fifty Six Cents ($1,075.56), requested by the Defendant Midland and Defendant Glaser as allegedly owed by Plaintiff Sensing plus court cost and service of process costs.

32. Defendant Midland and Defendant Glaser intentionally made a business decision to file the collection lawsuit without (a) obtaining knowledge as to whether a written Contract existed between Citibank and Plaintiff Sensing or if there was other documentation showing when or how the debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Sensing owed the amount of debt they were attempting to collect, but to rely solely on other parties for this information.

33. Defendant Midland and Defendant Glaser's business decision to rely entirely on Citibank or an assignee of Citibank as to the amount of debt allegedly owed by Plaintiff Sensing without (a) obtaining knowledge as to whether a written Contract existed between Citibank and Plaintiff Sensing if there was other documentation showing when or how the debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Sensing owed the amount of debt they were attempting to collect, was not a procedure reasonably adapted to avoid using a deceptive or misleading representation or means in connection with collection of the debt.

34. By making a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between Citibank and Plaintiff Sensing if there was other documentation

- 6 -

showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Sensing owed the amount of debt they were attempting to collect, prior to filing a collection lawsuit, Defendant Midland and Defendant Glaser intentionally used a deceptive and misleading representation in connection with collection of the debt as to the amount allegedly owed by Plaintiff Sensing.

35. By filing the Civil Warrant and Alias Summons with the use of deceptive and misleading representations or means in connection with collection of the debt while unreasonably relying on Citibank or an assignee of Citibank as to the amount of debt allegedly owed by Plaintiff Sensing, without knowledge of whether a written Contract existed or what it provided, Defendant Midland and Defendant Glaser communicated credit information to the State Court, the general public and Plaintiff Sensing, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e(8)**.

36. The statement in the Civil Warrant and Alias Summons that Plaintiff Sensing owed One Thousand Seventy Five Dollars and Fifty Six Cents ($1,075.56), plus court cost and service of process costs was an amount based on a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between Citibank and Plaintiff Sensing or if there was other documentation showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Sensing owed the amount of debt they were attempting to collect, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that the Defendant Midland and Defendant Glaser had attempted to properly calculate the amount owed prior to filing the Civil Warrant or the Alias Summons, when the Defendant Midland and Defendant Glaser had intentionally made no effort

- 7 -

to do so, and the amount of debt alleged as owed was not authorized by the Agreement creating

the debt or permitted by law, in violation of **15 U.S.C. § 1692e,1692e(5)**, and **1692e(10)**.

### *Use of False, Deceptive and Misleading Affidavit to Collect Debt*

37. An Affidavit filed in support of a Civil Warrant on a sworn Account in Tennessee is filed

to attest to the correctness of the amount owed on the account. **Tenn. Code Ann. § 24-5-107(a)**.

*See Exhibit 4*.

38. Defendant "Affiant Ostmoe", who authored the Affidavit, dated October 14, 2011, was

attached to the Civil Warrant filed on November 23, 2011, certified under penalty of perjury that

the following statements are true and correct:

> 1. "I am employed as a Legal Specialist and have access to pertinent account records for
>
> Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of
>
> plaintiff. I am a competent person over eighteen years of age, and make the statements
>
> herein based upon personal knowledge of those account records maintained on plaintiff's
>
> behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon,
>
> and was assigned all the rights, title and interest to defendant's CITIBANK account
>
> XXXXXXXXXX9539 (MCM Number 8534763417) (hereinafter "the account"). I have
>
> access to and have reviewed the records pertaining to the account and am authorized to
>
> make this affidavit on plaintiff's behalf.
>
> 2. "I am familiar with the manner and method by which MCM creates and maintains its
>
> business records pertaining to this account. The records are kept in the regular course of
>
> business. It was in the regular course of business for a person with knowledge of the act
>
> or event recorded to make the record or data compilation, or for a person with knowledge
>
> to transmit information thereof to be included in such record. In the regular course of

- 8 -

business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3. "The account shows that the defendant(s) owed a balance of $1,075.56; and I am advised that such balance will continue to accrue interest, which currently amounts to $0.00, plus attorney fees at $0.00 making a total due and owing of $1,075.56"

4. "Based upon my review of MCM's business records: 1) defendant(s) opened the account with CITIBANK on 1986-03-07; 2) the last payment posted to the account on 2008-10-06; and 3) the account was charged off on 2009-05-13."

5. "Upon information and belief, this affidavit is executed for the purpose of enabling plaintiff to obtain a default judgment against the defendant herein for defendant's failure to answer or otherwise defend as to plaintiff's complaint."

39. Affiant Ostmoe did not review any records of the originator of the debt or make any effort to determine if there was a Contract signed by Plaintiff Sensing and, if so, whether the amount of the debt she alleged was owed by Plaintiff Sensing in the Affidavit was correct, prior to signing the Affidavit.

40. The reason Affiant Ostmoe did not review any records of the originator of the debt or make any effort to determine if there was a Contract signed by Plaintiff Sensing and, if so, whether the amount of the debt she alleged was owed by Plaintiff Sensing in the Affidavit was correct, prior to signing the Affidavit was because the Defendant Midland had made a business decision not to obtain any records of the originator of the debt that would have allowed her to make this determination.

41. The only records held by the Defendant Midland at the time Affiant Ostmoe signed the Affidavit were computer records, which contained very limited information about Plaintiff Sensing and the alleged debt.

- 9 -

42. The only records that Affiant Ostmoe was able to review prior to signing the Affidavit were the limited computer records obtained by the Defendant Midland from Citibank.

43. Without any records of the originator of the debt available for her review to determine if there was a Contract signed by Plaintiff Sensing and if so, whether the amount of the debt she alleged was owed by Plaintiff Sensing in the Affidavit was correct as required by Tennessee State Law for an Affidavit, it was impossible for Affiant Ostmoe to truthfully make an Affidavit as to the correctness of the amount owed, if any, by Plaintiff Sensing.

44. The intentional use by Defendants of the Affidavit when its use is clearly in violation of the State Law requirements for a sworn Account; is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of **15 U.S.C. § 1692e** and **1692e (10)**, and is an unfair means to collect or attempt to collect the alleged debt in violation of **15 U.S.C. § 1692f**.

45. Affiant Ostmoe's sworn Affidavit states the following:

> 1. "I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's CITIBANK account XXXXXXXXXX9539 (MCM Number 8534763417) (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

> 2. "I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of

- 10 -

business.  It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record.  In the regular course of business, the record or compilation is made at or near the time of the act or event.  The relevant financial information concerning the account includes the following:

3. "The account shows that the defendant(s) owed a balance of $1,075.56; and I am advised that such balance will continue to accrue interest, which currently amounts to $0.00, plus attorney fees at $0.00 making a total due and owing of $1,075.56"

4. "Based upon my review of MCM's business records:  1) defendant(s) opened the account with CITIBANK on 1986-03-07; 2) the last payment posted to the account on 2008-10-06; and 3) the account was charged off on 2009-05-13."

5. "Upon information and belief, this affidavit is executed for the purpose of enabling plaintiff to obtain a default judgment against the defendant herein for defendant's failure to answer or otherwise defend as to plaintiff's complaint."

46. These statements are a failed attempt to regurgitate the language from the **Tennessee Rules of Evidence, Rules 803 (6)** and **902 (11)**, in an intentional attempt to mislead the State Court and Plaintiff Sensing into believing that Affiant Ostmoe was someone who had personal knowledge of the amount of debt allegedly owed by Plaintiff Sensing and that Plaintiff Sensing, in fact owed the debt, when it was not possible for her to have such personal knowledge, and that this evidence should be admitted under the "Business Records" exception to the introduction of hearsay evidence.

47. Defendants filed the collection lawsuit against Plaintiff Sensing in an attempt to collect the debt intentionally using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

- 11 -

48. The intentional use by the Defendants of the false, deceptive, and misleading Affidavit in connection with collection of the debt was not a procedure reasonably adapted to avoid violating the FDCPA in their attempts to collect the alleged debt from Plaintiff Sensing.

49. The attestations made by Affiant Ostmoe in the Affidavit regarding the debt, including, but not limited to, the amount of the debt owed by Plaintiff Sensing, were false, deceptive and misleading misrepresentations made without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff Sensing, as required by Tennessee State Law, in violation of **15 U.S.C. § 1692e (2)(A)**, and the false representation of the character, amount, or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of **15 U.S.C. § 1692e** and **1692e (10)**, and is an unfair means to collect or attempt to collect the debt in violation of **15 U.S.C. § 1692f**.

50. By filing the collection lawsuit against Plaintiff Sensing in an attempt to collect the debt, after making business decisions not to obtain knowledge as to whether a written Contract existed between Citibank and Plaintiff Sensing or if there was other documentation showing when or how the debt was incurred, prior to reasonably and adequately investigating whether Plaintiff Sensing owed the amount of debt they were attempting to collect, while knowingly using false, deceptive, and misleading Affidavits signed by persons without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, as required under Tennessee State Law for sworn Accounts, and with the improper motive of obtaining default Judgments in order to increase their financial bottom line, the Defendant Midland and Defendant Glaser violated **15 U.S.C. § 1692e (5)**, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of **15 U.S.C. §§ 1692e** and **1692e (10)**.

- 12 -

51. By filing the collection lawsuits against Plaintiff Sensing in an attempt to collect the debt with the use of an Affidavit that contains false, deceptive and misleading misrepresentations made by individuals who allege facts not in their possession and in violation of Tennessee State Law, Defendant Midland and Defendant Glaser use false, deceptive, and misleading representation or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Midland and Defendant Glaser had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of **15 U.S.C. § 1692e, 1692e (5)**, and **1692e (10)**.

52. Defendants did not have knowledge as to whether a written Contract existed between Citibank and Plaintiff Sensing or if there was other documentation showing when or how the debt was incurred, prior to filing the sworn Affidavit.

53. Defendants intentionally chose not to have Affiant Ostmoe review a copy of the written Contract signed by Plaintiff Sensing or other evidence as to the amount of debt allegedly owed by Plaintiff Sensing or the fact that Plaintiff Sensing owed the debt at all, prior to executing the sworn Affidavit.

54. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing the false, deceptive, and misleading Affidavit which stated Plaintiff Sensing owed One Thousand Seventy Five Dollars and Fifty Six Cents ($1,075.56) as of the date of this assignment, plus court costs, and service of process costs the Defendant Midland and its agents communicated credit information to the State Court, the general public, credit reporting agencies, Equifax, Transunion, Experian and Plaintiff Sensing, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e (8)**.

55. The statement in the Affidavit that Plaintiff Sensing owed One Thousand Seventy Five Dollars and Fifty Six Cents ($1,075.56), plus prejudgment interest from time of assignment, plus

- 13 -

attorney's fees, after the Defendant Midland and Defendant Glaser intentionally chose not to obtain or to have Affiant Ostmoe review a copy of the written Contract signed by Plaintiff Sensing or other evidence as to the amount of debt allegedly owed by Plaintiff Sensing or the fact that Plaintiff Sensing owed the debt at all, prior to executing the sworn Affidavit, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had attempted to properly calculate the amount owed prior to filing the Affidavit, when Defendants had intentionally made no effort to do so, in violation of **15 U.S.C. § 1692e, 1692e (5)**, and **1692e (10)**.

### *Illegal Debt Collection, and Collection Service Conduct by Defendants Caused*
### *Plaintiff to Suffer Actual Damages*

56. That the above-detailed conduct by Defendants, of harassment, abuse, false, misleading, unfair and deceptive acts and/or practices in illegally attempting to collect a debt from Plaintiff Sensing in violation of numerous and multiple provisions of the **Tennessee Collection Service Act**, including, but not limited to, the above-cited provisions of the **Tennessee Collection Service Act**, and multiple provisions of the FDCPA, including, but not limited to, all of the above mentioned provisions of the FDCPA and a revelation of private financial data to third parties.

57. That Plaintiff Sensing has suffered actual damages as a result of these illegal communications and collection attempts by Defendants in the form of attorney's fees costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other motions, as well as suffering from unjustified and abusive invasions of personal privacy.

- 14 -

58. That Plaintiff Sensing is informed and believes and, therefore, alleges that Defendants knowingly and intentionally engaged in harassing, abusive, false, misleading, unfair, deceptive and illegal debt collection.

## *Summary*

59. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions of the FDCPA.

## *Respondeat Superior Liability*

60. In addition to their individual liability under the FDCPA, the acts and omissions of Affiant Ostmoe and Defendant Glaser as agents for the Defendant Midland and who communicated with Plaintiff Sensing as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendant Midland.

61. The acts and omissions by Affiant Ostmoe and Defendant Glaser were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by the Defendant Midland in collecting consumer debts.

62. By committing these acts and omissions against Plaintiff Sensing, Affiant Ostmoe and Defendant Glaser were motivated to benefit their principals, Defendant Midland.

63. The Defendant Midland is therefore liable to Plaintiff Sensing through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of Federal Law by the debt collectors employed as agents by the Defendant Midland including, but not limited to, violations of the FDCPA, in their attempts to collect the debt from Plaintiff Sensing.

64. Plaintiff Sensing is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 .S.C. §§ 1692 *et seq*

65. Plaintiff Sensing incorporates by reference all of the above paragraphs as though fully stated herein.

66. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, **15 U.S.C. § 1692 et seq**., with respect to Plaintiff Sensing.

67. As a result of Defendants' violations of the FDCPA, Plaintiff Sensing is entitled to actual damages pursuant to **15 U.S.C. § 1692k (a)(1)**, in an amount to be determined at trial by a jury; statutory damages pursuant to **15 U.S.C. § 1692k (a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00); and reasonable attorney's fees and costs pursuant to **15 U.S.C. §1692k (a)(3)** from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sensing prays that judgment be entered against each and every Defendant.

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to **15 U.S.C. § 1692k (a)(1)** against each and every

Defendant in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to **15 U.S.C. §1692k (a)(2)(A)** in the amount of

One Thousand Dollars ($1,000.00) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. §1692k**

**(a)(3)** against each and every Defendant; and

- for such other and further relief as may be just and proper.


       Dated       <u>July 1, 2013</u>


                    Respectfully submitted on behalf of,

                    **PAUL R. SENSING**

                    *<u>/s/ William M. Kaludis</u>*
                    William M. Kaludis, Attorney for Plaintiff
                    SHIELD LAW GROUP
                    BPR #017433
                    1230 2nd Ave. S.
                    Nashville, TN 37210-4110
                    Telephone: (615) 742-8020
                    Facsimile: (615) 255-6037
                    bill@shieldlawgroup.com